(905 P.2d 1082)

No. 73,214

DANNY AYCOX, *Claimant/Appellee*, v. NATIONAL CARRIERS, INC., *Respondent/Appellant*, and LUMBERMEN'S UNDERWRITING ALLIANCE, *Insurance Carrier/Appellant*, and THE KANSAS WORKERS COMPENSATION FUND, *Appellee*.

Opinion filed November 17, 1995.

*Shirla R. McQueen* and *Kerry McQueen*, of Sharp, McQueen, McKinley, Dreiling & Morain, P.A., of Liberal, for appellants.

*Cortland Q. Clotfelter*, of Johnson & Kennedy, of Wichita, for appellee the Kansas Workers Compensation Fund.

Before BRAZIL, C.J., ELLIOTT, J., and DEAN J. SMITH, District Judge Retired, assigned.

ELLIOTT, J.: Danny Aycox was injured while working for National Carriers, Inc. (NCI). The administrative law judge (ALJ) awarded benefits and found the Workers Compensation Fund (Fund) was liable for payment because Aycox's morbid obesity contributed to the injury and was a handicap. On review, the Workers Compensation Board (Board) reversed that portion of the ALJ's decision allocating liability to the Fund. NCI and its carrier appeal and we affirm.

NCI rehired Aycox as a truck driver, at which time he weighed over 300 pounds. NCI was aware of Aycox's obesity and, in general, found that obese drivers were at a greater risk for joint and back injuries. NCI, however, does not refuse to hire obese drivers due to the Americans With Disabilities Act.

After claimant's injury, the ALJ ruled his morbid obesity was a preexisting handicap under K.S.A. 44-566(b). The Board ruled it did not find "as a matter of law that morbid obesity is a recognized pre-existing condition which would constitute a handicap per se so as to require liability to pass on to the [Fund]."

Whether a condition constitutes a handicap is a question of fact; thus, our function is to determine if the Board's decision is supported by substantial competent evidence. See *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 223, 885 P.2d 1261 (1994).

K.S.A. 44-566(b) defines a handicapped employee as one with an impairment which constitutes a handicap in obtaining employment or would constitute a handicap in obtaining reemployment, if the handicap is due to: "16. Any physical deformity or abnormality; 17. Any other physical impairment, disorder or disease, physical or mental, which is established as constituting a handicap in obtaining or in retaining employment."

We have held an employee is not handicapped if "he or she is not at disadvantage in obtaining employment or reemployment because of the impairment." *Denton v. Sunflower Electric Co-op*, 12 Kan. App. 2d 262, 264, 740 P.2d 98 (1987), *aff'd* 242 Kan. 430, 748 P.2d 420 (1988).

The parties agree that NCI was aware of claimant's obesity when it rehired him and that the obesity contributed to the injury. Thus, the only question is whether morbid obesity is a handicap.

We have no hesitancy in holding that morbid obesity *can be* a physical abnormality or "[a]ny other physical impairment" under K.S.A. 44-566(b). But we also have no hesitancy in holding that the issue is fact driven. And in the present case, Aycox did not consider himself impaired and had no handicap in being reemployed by NCI. See *Blackmore v. Auer*, 187 Kan. 434, 441-42, 357 P.2d 765 (1960) (party bound by statements made at trial).

Simply put, we can find no evidence in the record to indicate Aycox ever had any difficulty obtaining employment due to his obesity. Aycox testified his obesity did not interfere at all with his ability to perform his job. Since NCI rehired Aycox, he was not disadvantaged in obtaining employment due to his obesity.

Affirmed.